UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MARTIN GREENBLATT,

    Plaintiff,

v.

DANIEL ORENBERG, JOHN SCHELLER, ROBERT W. GLUCK, ROBERT E. LUND, SHERIFF OF SOMERSET COUNTY, THOMAS L. PRZBYLSKI, CATHERINE C. MOREY, PETER COSTANZA AUCTIONEERS INC., STANLEY W. HUDSON, JOSEPH SULOVSKI SKI SETTING INC., JANE DOE, JOHN DOE,

    Defendants.

CIVIL ACTION NO. 03-2240
(JCL)

**OPINION**

---

**LIFLAND, District Judge**

    Before the Court is the motion of Plaintiff Martin Greenblatt ("Greenblatt" or "Plaintiff") for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  Plaintiff seeks relief from this Court's Order and Opinion of December 20, 2003, in which the Court dismissed his complaint with prejudice.  For the reasons set forth herein, Plaintiff's motion will be denied.

1

I.      BACKGROUND

The "long and tortuous history" of this matter dates back to 1981 when Greenblatt purchased a bar from Defendants Daniel Orenberg ("Orenberg") and John Scheller ("Scheller"), and executed a promissory note to them. Greenblatt v. Gluck, No. A-6490-04T5 at 1 (Sup. Ct. of N.J. Apr. 24, 2006) (slip op., not published). Greenblatt defaulted on the note, and in 1983 a judgment of $736,640 was entered in favor of Orenberg and Scheller. Since that time, Greenblatt has filed nine actions seeking to dismiss the judgment. None have succeeded. Id. This motion involves the eighth of those lawsuits.

The procedural history of this action is as follows: Greenblatt filed a complaint in October 2002 in the United States District Court for the District of New Jersey. Shortly thereafter, he filed a virtually identical complaint in the United States District Court for the Southern District of New York. After the defendants had answered the complaint in the district of New Jersey, Greenblatt filed a motion to voluntarily withdraw the New Jersey action. The motion was granted in February 2003, and the action was dismissed without prejudice under Federal Rule of Civil Procedure 41. The District Court for the Southern District of New York transferred Greenblatt's complaint to the District of New Jersey in May 2003. A short time later, Greenblatt filed yet another virtually identical

complaint—this time in New York state court.  He then filed a motion to withdraw the action pending in the District of New Jersey on account of the pending New York state court action.

This Court determined that Greenblatt was seeking to delay adjudication of his case.  Accordingly, on November 25, 2003, this Court entered an order stating that the complaint would be dismissed with prejudice under Rule 41(a)(2) on December 20, 2003, unless Greenblatt withdrew both (1) the complaint pending in New York state court and (2) his motion to withdraw his complaint in the District of New Jersey.  Greenblatt withdrew neither.  Accordingly, this Court dismissed his complaint with prejudice on December 20, 2003.

Greenblatt appealed to the Third Circuit, which affirmed the dismissal on June 8, 2004.  Greenblatt v. Orenberg, No. 03-4873 (3d Cir. 2004) (slip op., not precedential).  The Third Circuit found that the District Court had not abused its discretion and noted that it "agree[d] with the rationale underlying the District Court's decision to dismiss Greenblatt's remaining claims with prejudice." Id. at 5.  Greenblatt petitioned for a writ of certiorari to the Supreme Court of the United States, but his petition was denied on November 10, 2004.

Two years later, on December 28, 2006, Greenblatt filed the instant motion to reopen his case and vacate the dismissal.

3

## II.     Standard of Review

Rule 60(b) allows a party to seek relief from a final judgment in a limited set of circumstances, including mistake, excusable neglect, newly discovered evidence, fraud or other reason justifying relief.  Fed. R. Civ. P. 60(b).  Here, Plaintiff seeks relief under subsection (6) of Rule 60(b), which permits a district court to exercise its discretion to set aside a final judgment for "any other reason justifying relief from the operation of the judgment."  The Third Circuit "has consistently held that the Rule 60(b) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002); see also, e.g., Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."); Ackermann v. United States, 340 U.S. 193 (1950), Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).

Moreover, although "relief under 60(b)(6) is not limited by any strictly defined time period," such relief "can be afforded under this rule [only] if it is sought within a reasonable time."  Stradley v. Cortez, 518 F.2d at 493 (internal quotation marks omitted); see also Fed. R. Civ. P. 60(b) ("The motion shall be

4

made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.").

### III. Discussion

As an initial matter, the Court finds that the Plaintiff's motion is untimely. As noted above, a Rule 60(b)(6) motion must be made "within a reasonable time." Fed. R. Civ. Pro. 60(b); see also Margoles v. Johns, 798 F2d 1069, 1073 (7th Cir. 1986) ("Although elapse of a specific period of time between the entry of judgment and the ruling on motion for relief is not determinative of a motion under subsection (b)(6), because of the high value the framers of Rule 60(b) set on the societal interest in the finality of litigation, the motion must be brought within a reasonable time."). "What constitutes [a] 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." Dietsch v. United States, 2 F. Supp. 2d 627, 634 (D.N.J. 1998) (internal quotation marks omitted, alteration in original).

Here, the Rule 60(b) Motion was filed three years after the December 2003 dismissal was entered, one and a half years after the Third Circuit affirmed and more than one year after the Supreme Court denied certiorari. Greenblatt has

offered no explanation for the long delay. Moreover, reopening this case would certainly cause prejudice to the defendants who have been forced to litigate this matter several times in several jurisdictions.

Similar delays have been deemed unreasonable in such circumstances. In <u>Moolenaar v. Government of the Virgin Islands</u>, for example, the Third Circuit found a Rule 60(b)(6) motion to be untimely where the party waited nearly two years after judgment by the District Court to file its motion. 822 F.2d 1342, 1347 (3d Cir. 1987). Similarly, in <u>Martinez-McBean v. Government of the Virgin Islands</u>, the Third Circuit expressed "serious doubts" that a two and one-half year delay in filing a Rule 60(b) motion would comply with the "reasonable time" requirement of Rule 60(b)(6). 562 F.2d 908, 913 (3d Cir. 1977); <u>see also</u> <u>PRC Harris, Inc. v. The Boeing Co.</u>, 700 F.2d 894 (2d Cir. 1983) (holding that delay of almost one year, without sufficient reason justifying the delay, was a bar to granting 60(b)(6) relief with respect to a judgment dismissing the party's complaint without prejudice rather than with prejudice). Accordingly, because the Rule 60(b) Motion was not filed within a "reasonable time," and there is no sufficient excuse for the delay, the Rule 60(b) Motion will be denied.

Moreover, even if the Rule 60(b) Motion had been filed within a "reasonable time" in accordance with Rule 60(b)(6), the Court would deny the

Plaintiff's motion because Greenblatt has failed to demonstrate "exceptional circumstances" that warrant the requested relief. Because Greenblatt is proceeding pro se, the Court must construe his pleadings liberally. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). However, even a liberal reading of his motion papers reveals no legitimate grounds to justify the reopening of this matter.

As best as the Court can tell, Greenblatt argues that relief from judgment is appropriate because one of the defendants, Robert Gluck ("Gluck"), perpetrated a "fraud on the Court," and because due process requires "a real opportunity to be heard and defend in an orderly procedure before judgment is rendered." (Plaintiff's Memorandum of Law in Support of his Motion for Relief From Judgment at 31-32.) Greenblatt does not explain the nature of the alleged misconduct by Gluck, and the Court does not believe any fraud has occurred. Furthermore, it is clear that the Court's dismissal of Greenblatt's case does not offend notions of fairness and due process in the circumstances presented in this case.

### III.  CONCLUSION

Greenblatt failed to file his motion within "a reasonable time" and failed to demonstrate the requisite "exceptional circumstances." Accordingly, his motion

7

for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) will be denied.

\s\   John C. Lifland, U.S.D.J.

Dated: March 27, 2007