UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN GREENBLATT,

    Plaintiff,

v.

DANIEL ORENBERG, et al.,

    Defendants.

Civ. Action No. 03-2240 (KSH)

**OPINION AND ORDER**

**Katharine S. Hayden, U.S.D.J.**

  In 1981, plaintiff Martin Greenblatt ("Greenblatt") purchased a bar from defendants Daniel Orenberg and John Scheller, and executed a promissory note to them. Greenblatt v. Gluck, No. A-6490-04T5 at 1 (Sup. Ct. of N.J. Apr. 24, 2006) (slip op., not published). Greenblatt defaulted on the promissory note, and a New Jersey court entered a judgment of $736,640 in favor of Orenberg and Scheller in 1983. Id. Since that time, Greenblatt has filed nine actions seeking to dismiss the judgment. This matter involves the eighth of those lawsuits.

  In October 2002 and January 2003, Greenblatt filed virtually identical complaints in the United States District Court for the Southern District of New York and the United States District Court for the District of New Jersey. The District of New Jersey matter was assigned to Judge John C. Lifland. After the defendants had answered his District of New Jersey complaint, Greenblatt filed a motion to voluntarily withdraw that action. Judge Lifland granted his motion in February 2003 and dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41.

  In May 2003, the District Court for the Southern District of New York transferred the New York federal complaint to the District of New Jersey. The transferred New York complaint

1

became the operative complaint in the New Jersey federal action before Judge Lifland. Greenblatt then filed a third identical complaint in a New York state court. In July 2003, and after defendants had answered the transferred complaint then before Judge Lifland, Greenblatt, citing the matter pending in New York state court, filed a motion to withdraw the transferred complaint without prejudice. Judge Lifland concluded that Greenblatt ultimately sought to delay adjudication of his claims and entered an order stating that the complaint would be dismissed with prejudice under Federal Rule of Civil Procedure 41(a)(2) on December 20, 2003 unless Greenblatt withdrew the pending New York state court complaint and withdrew his motion to voluntarily dismiss the District of New Jersey complaint. Greenblatt failed to comply and a final order dismissing the case with prejudice was entered.

On December 29, 2003, he appealed Judge Lifland's ruling. In an unpublished opinion, the Third Circuit affirmed, noting that it agreed with the rationale underlying Judge Lifland's decision. Greenblatt then petitioned the Supreme Court of United States for a writ of certiorari, which it denied on November 10, 2004. On December 28, 2006, Greenblatt filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Judge Lifland denied the motion, concluding that Greenblatt failed to file his motion within "a reasonable time" and failed to demonstrate the requisite "exceptional circumstances" within the meaning of Rule 60(b)(6). Judge Lifland's opinion, filed on March 27, 2007, also noted that the defendants had already been forced to litigate this matter several times in several jurisdictions.

On June 4, 2007, Greenblatt filed a motion seeking relief from Judge Lifland's March 27, 2007 decision, captioning the submission as a "Notice of Motion for Leave to File a Notice of Appeal *Nunc Pro Tunc*." The Third Circuit recognized the filing as a notice of appeal and issued a letter dated June 22, 2007 informing Greenblatt that his petition was filed outside of the time

2

limit provided for appeals under Federal Rule of Appellate Procedure 4(a)(1)(A). Greenblatt has since filed several virtually identical submissions seeking to appeal Judge Lifland's denial of his Rule 60(b)(6) motion.

With Greenblatt's motions still pending, Chief Judge Garrett E. Brown, Jr. entered an order on December 4, 2007 reassigning the case to this Court. Because the various submissions are virtually identical, the Court will treat the motions that appear on the docket as entries 25, 29, and 30 as one filing that seeks relief from Judge Lifland's decision. Jurisdictional defects cannot be remedied by a Court of Appeals, Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir. 1994), and thus this Court must determine whether it should reopen the time for appeal under Federal Rule of Appellate Procedure 4(a)(6), or whether Greenblatt should be permitted an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5).

Rule 4(a)(5) grants the Court discretion to permit an extension of time to file a notice of appeal where: (1) a motion requesting such relief is filed no later than 30 days after the normal appeal period, which is 30 days from the date of entry; and (2) good cause or excusable neglect is shown. Judge Lifland entered the order at issue on March 27, 2007. Greenblatt filed his notice of appeal on June 4, 2007, a full 70 days after the entry of the order, and Rule 4(a)(5) provides for an extension of time only where the motion is filed within 60 days of the entry. Federal Rule of Appellate Procedure 4(a)(5) provides no basis to grant the relief requested by Greenblatt's filing.

Rule 4(a)(6) authorizes a District Court to reopen the time for appeal when a party entitled to notice of entry of a judgment or order did not receive such notice from the court or any party within 21 days of its entry: (1) upon a motion filed within 180 days of entry of the judgment or order, or within 7 days of receipt of such notice, whichever is earlier; and (2) upon

finding that no party would be prejudiced.  Greenblatt's notice of appeal was filed within the 180-day period proscribed by Rule 4(a)(6)(A) and thus passes that hurdle; however, the Court concludes that the defendants would be prejudiced if it reopened the time for appeal and continued this litigation.

A party is prejudiced where it suffers "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal."  Fed. R. App. P. 4, Committee Note to 1991 amendment.  This particular action represents the eighth time Greenblatt has sued the defendants to dismiss the valid judgment entered against him in 1983.  He has filed suit against them nine times in several different jurisdictions, and in this action he has voluntarily dismissed the matter twice and appealed every ruling made by the District Court and the Third Circuit.  Meanwhile, little more than voluntary dismissals and appeals have been filed by Greenblatt in this matter since its inception in January 2003.  It appears as though he wishes to litigate into eternity, and this places the defendants in the unfair position of being forced to litigate into eternity a final judgment that was entered more than 20 years ago.  Requiring the defendants to once again litigate this 25 year-old set of operative facts in yet another forum before yet another Judge would be fundamentally unfair, and so the Court finds that defendants would be prejudiced by an application of Rule 4(a)(6)(A) in favor of Greenblatt.

Based on the forgoing, and good cause appearing,

**IT IS** on this 18th day of January 2008

**ORDERED** that plaintiff Martin Greenblatt's motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5), appearing on the docket as entries 25, 29, and 30, is **denied**; and it is further

**ORDERED** that plaintiff Martin Greenblatt's motion to reopen the time for appeal under Federal Rule of Appellate Procedure 4(a)(6), appearing on the docket as entries 25, 29, and 30, is **denied**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter.

/s/   Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.